JOSEPH H. CADY AND ANOTHER *vs.* JOSEPH F. GAY.

Where the property of a non-resident is attached, it is necessary under the statute that a copy of the writ be left in service with the agent of the defendant, if he has an agent within the state, and, if he has not, with the person in charge of the property attached.

And the copy must be a true and attested copy, as in the case of service upon a resident of the state.

Where a writ describes the defendant as a resident of this state, it is sufficient in a plea in abatement to aver such facts as show a defective service on the defendant as a resident of the state, and it is not necessary to negative such service as would be sufficient if he were a non-resident.

Where therefore the replication to such a plea alleged that the defendant was at the time of the service a non-resident of the state, and that therefore the service was not insufficient, it was held that the defendant might rejoin that he had a known agent in charge of the property attached, and that no copy was left with such agent, and that the plea in abatement was not insufficient because it had omitted to allege this fact.

ASSUMPSIT, tried before *Seymour, J.*, in the superior court. Plea in abatement for defective service, replication and rejoinder, and judgment for the defendant. Motion in error by the plaintiffs. The case is sufficiently stated in the opinion.

*Johnson*, for plaintiffs in error.

*Phillips*, for defendant in error.

HINMAN, C. J. The copy of the writ and declaration left in service with the defendant in this cause was not certified or attested by the officer to be a true copy, and there was a plea in abatement in the court below on this account. This being the only service, there can be no doubt that there was sufficient cause of abatement. The replication admits the truth of the plea, but attempts to avoid the effect of it by the allegation that at the time of the supposed service the defendant was not an inhabitant of the state and had no usual place of residence therein ; and upon this replication the plaintiffs claim that it was not necessary to serve the process at all upon the defendant, or to leave any other copy than the one left with the town clerk, the object of which is to notify the public, or those who have an interest in it, of the attachment of property on the process.

We can not sustain this claim. The statute (Rev. Stat., tit. 1, § 18,) provides that when the estate of non-residents shall be attached " a copy of the writ describing the estate shall be left by the officer with the agent or attorney of the defendant within this state, but if the defendant has no agent or attorney in this state, then a like copy shall be left with him who has charge or possession of the estate attached." This provides explicitly for the service of the process in a case like this, and we have no doubt that by the word " copy " as here used, is meant a certified or attested copy, the same as is provided for in terms in a previous section of the same statute, when prescribing the service which is to be made upon residents of the state. The defendant in his rejoinder to the replication of the plaintiffs, admits that when service was attempted to be made by leaving a defective copy at his supposed place of residence in the state, he was not in fact a resident here, but he alleges that one Esek I. Sweet, an inhabitant of Putnam, during all the time after the defendant ceased to be an inhabitant of the state, had the charge and possession

Cady *v.* Gay.

of the property described in the officer's return as attached, and that this was known to the plaintiffs, and the defendant thereupon insists that a copy of the process should have been left with said Sweet, and alleges that no such copy was left. It is now claimed that the plea in abatement was defective because it did not set forth the non-residence of the defendant in the state, the agency of Sweet and his charge of the attached property, and the neglect to make any service upon him. The plaintiffs also claim that the rejoinder is insufficient in form, and that advantage of the facts alleged in it could only be taken by setting them up in the plea in abatement, and not by introducing them for the first time in the rejoinder. But it appears to us that the plaintiffs are wrong in these claims. The defendant was justified in the first instance in following the writ, which described him as of Putnam in this state. Indeed he did reside here up to the day of the service, and the finding is, that had the officer used reasonable diligence, he could have served the process on him here. It was proper therefore, and perhaps necessary, to show that there was no service upon him as a resident here; and the plea for this purpose is in the usual form, and is sanctioned in the cases of *Colburn* v. *Tolles*, 13 Conn., 524, and *Gould* v. *Smith*, 30 id., 88. It was therefore properly held to be a good plea. As the writ was issued while the defendant was here, and was in the officer's hands to serve, and the defendant was described in it as residing or belonging here, it was the duty of the plaintiffs to have caused it to be regularly served here, and it was therefore sufficient to show in the first instance that it was not served as it should have been. But when the plaintiffs set up the non-residence of the defendant as an answer to the plea, it then became proper to show that it was not served on him or his agent, as it should have been under such circumstances. The rejoinder and the plea are perfectly consistent. The defendant removed from the state while the service was in progress. And the pleadings and finding show that no lawful service was made, whether he be considered as a resident or non-resident.

The superior court was therefore right in abating the writ, and we find no error in the judgment.

In this opinion the other judges concurred.

---

# SUPREME COURT OF ERRORS.

**NEW LONDON COUNTY, MARCH TERM, 1863.**

Present,

HINMAN, C. J., SANFORD, BUTLER AND DUTTON, Js.