ELLEN AHERN *vs.* SAMUEL PURNELL AND ANOTHER.

Hartford Dist., March T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 907, that in every case of attachment the officer serving the process shall leave with the defendant an attested copy of the process and of his return thereon, "describing any estate attached." An officer attached a stock of goods in a store, and in his return upon the writ and in the copy left in service described the property only as "all the stock and goods in said defendant's store, situated," etc. Held not to be a valid attachment.

The goods had been transferred before the attachment, by the defendant therein to the present plaintiff, by a conveyance good between the parties but void as to creditors. Held that while the plaintiff's title would not have been good against a valid attachment, it was good against the defendants, who, by the invalidity of their attachment, became mere wrong-doers.

[Argued March 1st—decided April 1st, 1892.]

ACTION for entering and taking possession of a store and taking and carrying away a stock of goods in it; brought to the Court of Common Pleas of Hartford County. The defendant set up in defense an attachment of the property by the defendant Hall, as a constable, upon a suit brought by the defendant Purnell against Norah C. Ahern, whom they claimed to be the owner of the goods. The case was tried to the court before *Taintor, J.* Facts found and judgment rendered for the defendants, and appeal by the plaintiff. The case is fully stated in the opinion.

*H. O'Flaherty*, for the appellant.

*J. W. Coogan*, for the appellee.

CARPENTER, J. The plaintiff took a bill of sale of a store of goods, and took possession thereof, and of the store in which they were, June 17th, 1891. The bill of sale was without consideration, and void as against creditors, but good as between the parties. The defendant Purnell then had a claim against the vendor, Norah C. Ahern, which was claimed not then to be due. On June 20th he attempted to attach said store of goods, by virtue of a writ of attachment issued on said claim, and took possession thereof, and also took possession of the store, excluding the plaintiff therefrom. The officer in making the alleged attachment described the property in the return indorsed on the original writ, and also on the copy left with the defendant in service, as follows:—" Then and by virtue hereof I attached as the property of the within-named defendant twenty packages of tea, and two packages nearly full of tea, and have taken the same into my possession; and afterwards, on said 20th of June, I attached as the property of said defendant all the stock and goods in said defendant's store, situated on Main street, South Manchester, in said town, and posted a notice on said store door stating that the stock and goods in said store were under attachment."

At the time of making the attachment the defendants were together, and the officer, finding the key to the store in the door-lock, took possession thereof and locked the store, and refused to allow the plaintiff to remain therein. Thereupon this suit was brought.

On the trial the plaintiff claimed " that the defendants had no right to so close the store, and that they were liable in an action of trespass for so doing." The plaintiff also claimed " that said attachment, with the exception of the twenty-two packages of tea described in said officer's return as having been attached in said suit, was an invalid attachment, because the officer did not describe in

his return to the defendant, N. C. Ahern, in said suit, the property attached in said suit, as required by the statute in case of attachment of personal property." Also that "if said attachment was invalid for the reason above stated, said Purnell and said officer were mere wrong-doers, and that the plaintiff, being in the possession of the property at the time of said attachment, could maintain a suit against them on account of her possessory title." The court overruled the several claims of the plaintiff and rendered judgment for the defendants.

One question presented by this record, and the first one discussed by the plaintiff's counsel, is—was the attachment in the suit against N. C. Ahern valid or invalid? The plaintiff claims that the acts of the officer did not conform to the statute, and therefore that there was no attachment. If not, then the defendants cannot justify under their process. The plaintiff's bill of sale can only be successfully assailed by a legal attachment, and that attachment followed by proceedings appropriating the avails of the thing attached to the payment of the creditor's claim. If there is no attachment, and there has been no levy of an execution, as there has not been in this case, there can be no justification. If an execution had been levied on this property by a creditor, perhaps an attachment by mesne process might have been dispensed with. But as the case stands a legal attachment is essential to the defense. Was the attachment legal?

Section 907 of General Statutes, 1888, provides that—"in every case of attachment the officer serving the process shall leave with the person whose estate or body is attached, or at the place of his usual abode, if within the state, a true and attested copy of the process and of the accompanying declaration or complaint, and of his return thereon, describing any estate attached."

A description of the goods attached is clearly required. The object is not, as the defendants seem to suppose, merely to give the defendant in the suit notice of what is attached; the plaintiff has a right to know; other creditors have a right to know; and all concerned are entitled to facilities

for holding the officer to an accountability. We allude to the probable reasons of the statute, not because it needs any vindication, but for the purpose of showing that neither its letter nor spirit has been complied with.

By referring to the description of the property it appears that the twenty-two packages of tea are sufficiently described. The only description of the balance of the property is— "all the stock and goods in the defendant's store, situated on Main street, South Manchester," etc. It is not enough to tell where the goods are, but it must tell what they are, giving kind and quantity as far as reasonably practicable. The description gives little or no information to the parties interested,—certainly not such as the statute contemplates.

It only remains to inquire what effect is to be given to the omission. We can do no less than hold that such an attachment is inoperative, creating no lien. The right to attach property on mesne process in actions *ex contractu*, is a right which does not exist in most of the states. It exists in this state and is defined and regulated by statute. Surely it is not too much to hold parties and officers to a reasonably strict observance of its requirements.

The counsel for the plaintiff assign as a further ground of appeal that the court erred in ruling that the plaintiff could not recover specifically for the taking possession of the store by the defendant and his dispossession of her. This presents the question whether the first count is for a trespass to the real estate as a specific cause of action, or presents that fact only as an aggravation of damages for the taking of the goods. But the question becomes one of no practical importance, since there must be a new trial for the error we have considered. The fact that the transfer of the stock of goods to the plaintiff by the defendant's debtor was void against creditors, does not avail the defendant so far as the taking of the goods which were not lawfully attached is concerned. As to these the plaintiff has the right to recover, as the transfer was valid between the parties. This being so, the plaintiff must have a new trial of the whole case, as he has now a right to recover increased damages for

any facts in connection with the taking of the goods that would properly enhance the damages. And those damages would be the same whether the entry is treated as a specific cause of action or as an aggravation of damages.

There is error, and a new trial is granted, which, if the plaintiff waives all claim for damages for the trespass to the real estate, is to be limited to a new judgment for damages upon the facts already found.

In this opinion the other judges concurred.