## ROBERT A. FOSDICK *vs.* WILLIAM B. ROBERSON ET AL.

* First Judicial District, Hartford, March Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

In an action to foreclose a judgment-lien, the plaintiff cannot take equitable interests in the land owned by others than his debtor, unless the debt which it is sought to satisfy was contracted upon the faith or credit of the debtor's apparent sole and absolute ownership of the entire property.

An attaching creditor takes only such title as his debtor has in the land attached.

Unless a conveyance absolute on its face was in fact made as security for some debt or other obligation, it will not be held to be a mortgage.

Being in derogation of the common law, the statute (General Statutes, § 828, as amended by Chapter 135 of the Public Acts of 1911) relating to the attachment of property of a nonresident and the notice to be given to him of the commencement or pendency of the action, must be strictly followed; and therefore a notice given pursuant to an order issued by the clerk, instead of by the court as the statute prescribes, is insufficient, and a judgment against the nonresident and nonappearing defendant, based thereon, is a nullity.

Submitted on briefs March 7th—decided June 1st, 1917.

SUIT to foreclose a judgment-lien and for possession of the premises, brought to and tried by the Superior Court in Fairfield County, *Williams, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*George P. Rowell* and *Warren F. Cressy,* for the appellant (William A. Comstock, defendant).

*Warren F. Cressy,* for the appellant (William B. Roberson, defendant).

*Stanley T. Jennings* and *Robert A. Fosdick,* for the appellee (plaintiff).

* Transferred from third judicial district.

SHUMWAY, J. This is an action to foreclose a judgment-lien. The judgment upon which the lien is based was rendered on March 20th, 1914, in an action brought by the present plaintiff against the defendant Roberson. The latter action was returnable on the first Tuesday in November, 1913. The cause of action stated in the complaint was the fraudulent procurement by Roberson of the transfer to him of seven parcels of land situated in Stamford by Fosdick, by his deed dated August 12th, 1911. No actual service of the process was made upon Roberson, who was a nonresident. The action was begun by a constable of Stamford lodging in the town clerk's office of Stamford a certificate of attachment of the seven parcels of land above mentioned, and the issuance of an order of notice by the assistant clerk of the Superior Court in Fairfield county, directing that notice of the pendency of the complaint be sent by mail to the defendant at Portland, Oregon. It appeared, however, that Roberson had notice of the pendency of the action before judgment was rendered.

The consideration for the conveyance to Roberson was the transfer by him to Fosdick of three thousand shares of the capital stock of the Alpena Motor Car Company, a promissory note for $7,000 made by said Roberson and secured by a mortgage to Fosdick upon the same premises, and the agreement by Roberson to assume and pay four mortgages upon the premises aggregating $28,000, one to the trustees of the Universalist Church of Stamford for $15,000, one to Nichols C. Downs for $3,500, one to Ernest L. Conant for $7,500, and one to William H. Arthur for $2,000.

The three thousand shares of the Alpena Motor Car Company, in August, 1911, were owned and held by Roberson and twelve other persons, residents of Alpena, Michigan, the number held by Roberson and trans-

ferred to Fosdick was one thousand four hundred and seventy shares and the remaining number by the twelve others. These thirteen persons agreed orally among themselves that the interest of each in the premises conveyed to Roberson should be in proportion to the stock owned by them and transferred as mentioned. On December 18th, 1911, the defendant Roberson, by his deed of that date, conveyed the seven parcels of land to the defendant Comstock, with the consent of the twelve others who had contributed stock of the Alpena Motor Car Company, as part consideration of the conveyance from Fosdick to Roberson. The conveyance by Roberson to Comstock was made to secure Comstock for his indorsement of Roberson's note for $11,900, now held by a bank in Alpena. In said deed of December 18th, 1911, to Comstock, it was stated that, as part consideration for the conveyance, Comstock assumed and agreed to pay the mortgages upon the premises, amounting to $35,000.

In October, 1913, Comstock paid the mortgage to Ernest L. Conant, amounting with interest to $7,587.50, and he has also paid the sum of $3,965.27 for interest upon the mortgages, taxes, insurance, repairs and other expenses incident to his holding title to the premises.

The court in this present action rendered judgment on September 10th, 1915, for the plaintiff, foreclosing the defendant Comstock unless he paid the plaintiff $33,380.22 before January 2d, 1916, and requiring Comstock to deliver up possession of the premises to the plaintiff. From this judgment the defendants appealed, assigning as error, in fifty-two reasons of appeal, various rulings upon evidence, and the action of the court in holding that the defendant Comstock did not hold title to the premises in trust, not alone for the defendant Roberson, but for each and every

person who contributed to the purchase price thereof, and in holding that the judgment against the defendant Roberson was of any force and effect against the defendant Comstock, or the others who contributed to the purchase price of the premises.

Under the allegations of the complaint in this action the plaintiff's right to the relief claimed is predicated upon either a legal or equitable title to the premises in the defendant Roberson, and necessarily there rests upon the plaintiff the burden of proving such title.

It appears, however, that the legal title to the land in question on September 12th, 1913, the day the original action was begun, was in the defendant Comstock, as shown by the deed from Roberson and wife to Comstock, dated December 18th, 1911. This deed is in every respect sufficient to convey to Comstock the premises described, unconditioned except as mentioned in the deed.

The plaintiff, however, has alleged (1) that the deed of December 18th, 1911, was in fact a mortgage, and that it was fraudulent and void as to the plaintiff; and (2) that said deed was a conveyance as security for an indebtedness, unmentioned in the deed, which indebtedness was unknown to the plaintiff, and for that reason is void as to the plaintiff.

There is nothing in the record to indicate that this conveyance, or the transactions between Roberson and Comstock, were fraudulent in the sense that there was any moral delinquency on the part of either, and the plaintiff apparently relies upon the proposition that the conveyance, absolute on its face, was in fact a mortgage because given as security for a contingent liability, and therefore void under the law governing the registration of land titles.

In some of the cases, notably the case of *French* v. *Burns*, 35 Conn. 359, it would seem that the test to be

applied in determining whether a conveyance absolute on its face is or is not a mortgage, is this: Was the conveyance in fact made as security for some debt? This court, in *Waterman* v. *Buckingham*, 79 Conn. 286, 292, 64 Atl. 212, in commenting upon the case of *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 41 Atl. 1054, 42 id. 225, said: "The decision in that case was based upon our Recording Acts. In consequence of the plaintiff's negligent failure to record a mortgage deed, . . . and as a result in the nature of a penalty imposed by statute therefor, we held that the title of a trustee of an insolvent estate . . . was superior to that of the plaintiff under an unrecorded mortgage," and that "we regarded the case as one calling for a construction of our statute regarding unrecorded deeds, rather than the enforcement of equitable rights." It will be found that all the cases in this State up to that time were reviewed in *Ives* v. *Stone*, 51 Conn. 446. In the latter case, the defeasance was in writing but unrecorded, and the court held that the case turned upon "the construction of the registry law."

It will be found, also, that in all the cases in which this court has held a conveyance absolute on its face to be in fact a mortgage, there has been a defeasance either in writing or by parol agreement manifesting the intention of the parties to create a mortgage, and such conveyances have been held void because the defeasance was not recorded. But there is now before the court no such case. The trial court has found facts from which the legal inference is that Roberson never in equity owned the entire premises, and while the title remained in his name it could not be taken for his debts not created upon the strength of his apparent ownership. The trial court has found that the defendant Roberson and twelve other persons were the owners of three thousand shares of the capital stock of a cor-

poration called the Alpena Motor Car Company, and while the stock was so owned it was orally agreed between Roberson and the other twelve that the premises now standing in the name of Comstock should be purchased, held and managed in Roberson's name, but for and on account of himself and the other twelve, and to that end Roberson and the twelve others should contribute and surrender to the Company such shares owned and controlled by them respectively, and that thereupon Roberson should procure to be issued by said Company to the plaintiff three thousand shares of its stock in lieu of said surrendered shares, and that Roberson should deliver to the plaintiff, on account of such purchase, three thousand shares to be issued by said Company, and the interest in the premises of each of the persons so contributing should be in proportion to the stock so contributed as aforesaid.

In pursuance of such agreement the purchase was made and the stock delivered to the plaintiff, and, as further consideration, a mortgage for $7,000, to secure Roberson's note for that sum upon the premises conveyed, was executed and delivered to the plaintiff. It is also found that the conveyance made by Roberson to Comstock, dated December 18th, 1911, was made "with the knowledge and consent" of the twelve others who contributed. It thus appears that in equity Roberson's interest in the premises never exceeded a little less than an undivided half part.

The case of *Waterman* v. *Buckingham*, 79 Conn. 286, 292, 64 Atl. 212, is decisive of this. The interest of the twelve associates cannot be taken to answer to a judgment against Roberson alone, even though the record title remained in Roberson, as no credit was given to Roberson on the strength of his apparent title. It appears that this arrangement for the purchase of the

property was made in good faith, so far as the owners other than Roberson are concerned, and Comstock took the title to the premises with full knowledge of the resulting trust, and he took only such title as Roberson had. The plaintiff could by his attachment take only such interest as Roberson had in the premises, and this means that Comstock should be reimbursed for all expenditures he has made for the benefit of those who hold the equitable title, including the amount paid by him to procure the discharge of the mortgage held by Ernest L. Conant. *French* v. *Burns*, 35 Conn. 359.

Among the errors assigned on appeal to this court, is the action of the court in ruling that the judgment upon which this action is based was valid. The defendants contend that the course prescribed by statute (Chapter 135 of the Public Acts of 1911) has not been strictly and literally followed. No attempts appear to have been made to comply with this statute. An order of notice was issued under § 578 of the General Statutes, which authorizes clerks of the Superior Court to issue orders of notice in certain cases.

This court, referring to § 828 of the General Statutes, amended by Chapter 135 of the Public Acts of 1911, said, in *Munger* v. *Doolan*, 75 Conn. 656, 55 Atl. 169, that this statute was exclusive. "Being in derogation of both common right and common law, it is one to be strictly interpreted and pursued. Its . . . requirements may not be disregarded with impunity, nor waived or changed by courts." The property in question was attempted to be attached by the officer by leaving in the office of the town clerk of Stamford his certificate, with a copy of the writ and complaint and a copy of an order of notice issued by the assistant clerk of the Superior Court in Fairfield county. The order of notice recites that "it appearing to him [the

assistant clerk] that the defendant Roberson is absent from the State, residing in Portland, Oregon," and it thereupon prescribes how notice of the action shall be given.

This order of notice, the only one set forth in the record, is not such as is required by the statute. The language of the statute is, "if there be no person in charge or possession of the estate attached, the court before which such action is returnable may order such notice of the commencement or pendency of such action" as it *may* deem reasonable. This language clearly indicates that the notice shall be prescribed by the *court* and be such as *it* deems reasonable, not what the clerk of the court or the plaintiff may deem reasonable. Such action would necessitate some inquiry by the court, and a finding that no person was in charge or possession of the estate attached. The evidence which the court should require in order to make such finding need not be discussed, but that there should be some evidence is obvious. Something of the inadequacy of the record, to show such a situation as to make an order of notice necessary or proper, is apparent when the plaintiff called upon the officer making the attachment to amend his return upon the original process. This amendment, which was made on about the date of the judgment, could have no effect upon the original return as supplying any evidence to the court that there was no person in charge of the property in September, 1913.

The record shows that there was one other order of notice issued before judgment was finally rendered. Perhaps the defect in the first order may have been cured by some subsequent one, which does not appear in the record. If the only other order of notice is in the same form and substance as the one in the record before this court, the judgment is a nullity. In view

of the conclusions of this court it is not necessary to consider the rulings upon evidence, or the motion to correct the finding.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.