## GEORGE CIKORA *v.* AGNES CIKORA

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 7—decided March 11, 1947

*Harold B. Yudkin,* with whom, on the brief, was *George J. Yudkin,* for the appellant (plaintiff).

No appearance for the defendant.

ELLS, J. This action for divorce was brought on two grounds: desertion, and seven years' absence, during all of which period the absent party had not been heard from. General Statutes § 5174. The writ described the defendant as "formerly of the City of Shelton . . . Connecticut, and now of parts unknown," and the plaintiff as a resident of Shelton. The complaint alleged that the parties were married in 1902 in Westfield, Massachusetts; that the plaintiff has resided in this state three years next before the date of the complaint; that the desertion occurred on November 3, 1910; and that on that date the defendant departed from Shelton and has been absent from the plaintiff and from this state ever since and for more than seven years has not been heard from by the plaintiff or any other person to his knowledge.

Service of the writ and complaint was made in the following manner. The clerk of the court to which the action was made returnable found that the defendant was absent from this state and had gone to parts unknown and ordered that notice of the pendency of the complaint be given by publishing the order of notice three times in a specified newspaper published in Ansonia, Connecticut, a town adjacent to Shelton. The order was published as directed. Thereafter the plaintiff applied for a further order

of notice. The court before which the case was pending found that the defendant was absent from the state and had gone to parts unknown and that notice of the pendency of the action had been given as required by the order of notice previously issued, and ordered further publication in the Ansonia newspaper. The order was complied with and thereafter the case came to trial and the plaintiff was heard. No appearance in the defendant's behalf had been entered, and she was not personally present, nor was she represented by counsel. The court did not decide the case on its merits but found that the writ and complaint were not duly served on the defendant and that due notice of the pendency of the action was not given to her, and entered judgment erasing the case from the docket. The plaintiff has appealed.

The only perfect notice of the pendency of a divorce action is actual service upon the defendant. This is frequently impossible, for often, as in the present case, the adverse party has gone to parts unknown. It follows that in such circumstances some form of substituted or constructive service is required. Section 5177 of the General Statutes provides as follows: "On a complaint for divorce when the adverse party shall reside out of or be absent from the state or the whereabouts of the adverse party shall be unknown to the plaintiff, any judge or clerk of the supreme court of errors or of the superior court or any county commissioner may make such order of notice as he may deem reasonable; and, such notice having been given and duly proved to the court, it may hear such complaint if it shall find that the defendant has actually received notice that the complaint is pending, and, if it shall

not appear that the defendant has had such notice, the court may hear such case, or, if it shall see cause, order such further notice to be given as it may deem reasonable and continue the complaint until the order shall be complied with."

The basis of the trial court's decision was that our courts do not have jurisdiction to grant a divorce in the absence of actual notice to the defendant unless there is a probability that he would have learned of the pendency of the proceeding through the notice ordered. The effect of the ruling would be to prevent the court from granting divorces where the defendant had gone to parts unknown leaving no discoverable ties through which information would be likely to be passed on to him. The rule that the court applied was that which governs the extraterritorial effect of judgments against an absent resident, where the adequacy of constructive notice "is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard." *Milliken* v. *Meyer,* 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278. The question in the present case is whether such notice must be given in order to give our courts jurisdiction of a divorce case.

In *Pennoyer* v. *Neff,* 95 U.S. 714, 734, 24 L. Ed. 565, the court said: ". . . we do not mean to assert, by any thing we have said, that a State may not authorize proceedings to determine the *status* of one of its citizens towards a non-resident, which would be binding within the State, though made without service of process or personal notice to the non-resident." In *Cheely* v. *Clayton,* 110 U.S. 701, 705, 4 S. Ct. 328, 28 L. Ed. 298, it is said that in order

to make a divorce valid, "either in the State in which it is granted or in another State, there must, unless the defendant appeared in the suit, have been such notice to her as the law of the first State requires." The leading case is *Maynard* v. *Hill,* 125 U.S. 190, 8 S. Ct. 723, 31 L. Ed. 654, where the right of a territorial legislature to grant a divorce was upheld, and in support of this conclusion *Starr* v. *Pease,* 8 Conn. 541, was referred to at length. In the course of the opinion (p. 209) the court said that the fact that the divorce was obtained without the knowledge of the defendant could not affect the validity of the act. In *Haddock* v. *Haddock,* 201 U.S. 562, 26 S. Ct. 525, 50 L. Ed. 867, the court, after discussing the general rule that a judgment rendered in one state is not entitled to full faith and credit in another where only constructive service was made, said (p. 569) that the rule is "limited by the inherent power which all governments must possess over the marriage relation, its formation and dissolution, as regards their own citizens. From this exception it results that where a court of one State, conformably to the laws of such State, or the State through its legislative department, has acted concerning the dissolution of the marriage tie, as to a citizen of that State, such action is binding in that State as to such citizen, and the validity of the judgment may not therein be questioned on the ground that the action of the State in dealing with its own citizen concerning the marriage relation was repugnant to the due process clause of the Constitution." We have not overlooked the dictum in *Williams* v. *North Carolina,* 317 U.S. 287, 299, 63 S. Ct. 207, 87 L. Ed. 279, that each state has the power to alter the marriage status of its domiciliaries if the nature of the substituted service meets the

requirements of due process of law, but the cases cited to support that statement were concerned with the extraterritorial effect of divorce judgments.

In *Blackinton* v. *Blackinton,* 141 Mass. 432, 435, 5 N.E. 830, the court, speaking by *Holmes, J.,* said: ". . . we do not understand any one to deny that divorces granted against absent defendants, after such notice as the laws of the State prescribe, are valid within the limits of the State granting them." In *People* v. *Baker,* 76 N.Y. 78, 84, it is said: "We must and do concede, that a State may adjudge the *status* of its citizen towards a non-resident; and may authorize to that end such judicial proceedings as it sees fit; and that other States must acquiesce, so long as the operation of the judgment is kept within its own confines." In the later New York case of *Matthews* v. *Matthews,* 247 N. Y. 32, 34, 159 N. E. 713, the court stated: "In actions for divorce or separation brought by one of our citizens against a non-resident service by publication does, so far as we are concerned, give our courts full jurisdiction to fix the marital status or relations of the plaintiff." In these cases nothing is said about the character of the notice so long as there is a compliance with the laws of the state.

As has been noted, in *Starr* v. *Pease,* supra, it was held that our legislature had the power to grant divorces, and under *Maynard* v. *Hill,* supra, it might do that without any notice, actual or constructive, to the defendant. Having that power, it could vest in the courts jurisdiction to grant divorces on such terms as it saw fit. In doing that, instead of specifying, where personal service cannot be made, that a particular form of notice shall be given, it has left it in the first instance to a judge, a clerk of court or a

county commissioner to order such notice "as he may deem reasonable" and has provided that, when such notice has been given, the court may either hear the case or order such further notice "as it may deem reasonable." Jurisdiction to grant a divorce "is founded on domicil." *Williams* v. *North Carolina,* 325 U. S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577. But if there is the necessary domicil, as there was in this case, and if the requirements of our statutes as to notice to an absent or nonresident defendant are complied with, the court has jurisdiction to grant the divorce.

The requirement of notice in the statute contemplates one which will be most likely to reach the defendant; no doubt the discretion vested in the judge, clerk or county commissioner or in the court might be abused; and if at the final hearing the trial court should conclude that some other method would be more effective to accomplish the purpose of the requirement it might, as provided in the statute, order such further notice to be given as it deemed reasonable and continue the complaint until the order was complied with. Even where a defendant has gone to parts unknown, very likely outside the State, it may well be that publication in the place of the former marital residence is the form of notice most apt to bring the pendency of the action to his attention, because of the likelihood that there will be relatives or friends there who have means of communicating information to him directly or indirectly. The trial court was in error in striking the case from the docket on the ground that it was without jurisdiction to try the case.

There is error, the judgment is set aside, and the

case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.