## Nancy W. Carter *v.* Arthur W. Carter, Jr.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 7—decided March 15, 1960

*Sigmund L. Miller,* with whom were *Philip Baroff*
and, on the brief, *Arthur Salvin* and *Charles
Hanken,* for the appellant (defendant).

*Bernard S. Peck,* with whom were *Jacob D. Zeldes*
and, on the brief, *David Goldstein,* for the appellee
(plaintiff).

SHEA, J.  In her action for a divorce, the plaintiff
seeks alimony as well as custody of two minor chil-
dren and support for them.  The plaintiff is domi-
ciled in this state, but the defendant is a nonresident.
Pursuant to orders issued in accordance with § 46-17
of the General Statutes, notice of the institution of
the action was sent by registered mail to the de-
fendant at various addresses in New York City.
Under a subsequent order, dated November 5, 1958,
notice of the pending action was served on the de-
fendant while he was attending court in this state
in connection with another matter.  On November 26,
1958, the defendant appeared specially and filed a
plea in abatement and to the jurisdiction on the
grounds that he was not served personally with proc-
ess before the return day and no property owned
by him in this state had been attached.  The plaintiff
demurred to the plea, claiming that in a divorce
action against a nonresident, notice of the pendency
of the action before the return day is not essential

to give the court jurisdiction. The demurrer was sustained.

On December 11, 1958, the plaintiff, acting under § 52-281 of the General Statutes, applied for and obtained an order authorizing the attachment of property of the defendant in Fairfield County. The order contained a direction to the officer serving it to deposit a true and attested copy of the application and order in a post office, "postage paid and letter registered, personal return receipt requested, directed to" the defendant at two different addresses in New York City. On the following day, a deputy sheriff purported to attach the defendant's interest in certain real estate situated in Greenwich. According to his return, he left in the town clerk's office "a true and attested copy of the . . . Application for Attachment, Order of Attachment and Process with [his] doings thereon endorsed," and he mailed by registered mail two like true and attested copies to the defendant at the addresses specified in the order.

Thereafter, the plaintiff filed a motion requesting alimony and support for the children pendente lite. The defendant again appeared specially to contest the jurisdiction of the court. After a hearing, an order was entered directing the defendant to pay to the plaintiff, during the pendency of the action, a nominal sum for alimony and a specified weekly amount for the support of the children. The defendant has appealed, claiming that the court erred in sustaining the plaintiff's demurrer to the plea in abatement and that the court was without jurisdiction to enter the order for alimony and support pendente lite.

Jurisdiction to grant a divorce is founded on domicil. If there is the necessary domicil and the

requirements of our statutes as to notice to an absent or nonresident defendant are complied with, the court has jurisdiction to grant the divorce. *Cikora* v. *Cikora,* 133 Conn. 456, 462, 52 A.2d 310. The Superior Court had jurisdiction of the present action for a divorce, and the court did not err in sustaining the demurrer to the plea in abatement.

An order directing the payment of alimony or support is a judgment in personam. *Beardsley* v. *Beardsley,* 144 Conn. 725, 726, 137 A.2d 752. Without personal service upon the defendant, the court has no jurisdiction to enter a judgment in personam unless the defendant appeared voluntarily. *Pennoyer* v. *Neff,* 95 U.S. 714, 727, 24 L. Ed. 565; *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 510, 95 A.2d 260; *Smith* v. *Smith,* 74 Vt. 20, 21, 51 A. 1060. Constructive service of process on a nonresident defendant is not sufficient to furnish a basis for a judgment in personam, even though it may be shown that the defendant had actual notice of the pending action. *Hood* v. *Hood,* 130 Ga. 610, 612, 61 S.E. 471; *Proctor* v. *Proctor,* 215 Ill. 275, 277, 74 N.E. 145; 2 Nelson, Divorce and Annulment (2d Ed.) § 14.12. While a court is powerless to enter a personal decree against a nonresident defendant based solely on constructive service, it has power to deal with the defendant's property within the jurisdiction of the court. Constructive service of process upon a defendant in a proceeding against specific property of that defendant within the jurisdiction will enable the court to render a decree binding on the property. The judgment, when rendered, constitutes a charge to be satisfied out of the property which has been seized. The judgment is quasi in rem. *Pennington* v. *Fourth National Bank,* 243 U.S. 269, 272, 37 S. Ct. 282, 61 L. Ed. 713; *Pennoyer* v. *Neff,* supra, 734;

*Coyne* v. *Plume,* 90 Conn. 293, 300, 97 A. 337; *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246.

The plaintiff apparently concedes that there was no personal service of process on the defendant within this state. She claims, however, that the attachment of the defendant's property during the pendency of the action furnished a valid basis for jurisdiction quasi in rem so that the court could properly make the order for alimony and support pendente lite. The defendant has challenged the plaintiff's right to attach his property after the return day and while the action was pending. Such a procedure is clearly authorized by our statute (§ 52-281), and so long as the defendant had a reasonable opportunity to be heard before any order based upon the attachment was made, he has no cause to complain. *Geary* v. *Geary,* 272 N.Y. 390, 402, 6 N.E.2d 67, 108 A.L.R. 1293 & note, 1302.

The decision of this case turns on the question whether the attachment which the plaintiff purported to make on property of the defendant in this state was invalid because it was not made in accordance with § 52-284, which prescribes in particular detail the requirements for service of a writ of attachment on a nonresident. Section 52-281 specifically states that an order of attachment "shall be served and returned in the same manner as an original writ of attachment." The method prescribed under § 52-284 for the attachment of a nonresident's property is exclusive. Since the statute is in derogation of common right and common law, it must be strictly construed. Its requirements may not be disregarded with impunity or waived or changed by any court. *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720; *Fosdick* v. *Roberson,* 91 Conn. 571, 577, 100 A. 1059; *Munger* v. *Doolan,* 75

Conn. 656, 659, 55 A. 169; *Ahern* v. *Purnell,* 62 Conn.
21, 24, 25 A. 393; *Sanford* v. *Pond,* 37 Conn. 588, 590;
*Cady* v. *Gay,* 31 Conn. 395, 397.

The officer purported to attach the property in
question by leaving in the office of the town clerk
of Greenwich "a true and attested copy of the . . .
Application for Attachment, Order of Attachment
and Process with [his] doings thereon endorsed."
Thereafter, as directed in the order, he sent by
registered mail true and attested copies of the same
documents to the defendant at two different ad-
dresses in New York City. Under § 52-284, when
land of a nonresident is attached, a copy of the
process and complaint shall be left in the office of
the town clerk of the town where the land lies. A
like copy shall be left with the agent or attorney of
the defendant in this state. If there is no such agent
or attorney, the copy shall be left with the person
"in charge or possession of the estate attached."
If there is no such person, the court before which
the action is returnable, or any judge thereof, may
order such notice of the pendency of the action to
be given to the defendant as the court or judge
deems reasonable. That notice, having been given
and proved, shall be deemed sufficient service of
process in the action, and the attachment shall there-
upon become effective against the estate attached
and the defendant in the action.

In order that a valid judgment may be rendered
against a nonresident upon whom it is claimed that
constructive service has been made, § 52-284 must
be strictly observed and the facts showing com-
pliance with it must appear of record. *Reade* v.
*Indemnity Ins. Co.,* 121 Conn. 309, 312, 184 A. 646;
*Watters* v. *Watters,* 210 Ala. 550, 551, 98 So. 813;
*O'Rear* v. *Lazarus,* 8 Colo. 608, 9 P. 621; *Anderson*

v. *Anderson,* 229 Ill. 538, 539, 82 N.E. 311; 1 Freeman, Judgments (5th Ed.) pp. 687, 688; note, 21 A.L.R.2d 929, 932, 940; see *Hyde* v. *Richard,* 145 Conn. 24, 25, 138 A.2d 527; *Cugno* v. *Kaelin,* 138 Conn. 341, 343, 84 A.2d 576; *Rodriguez* v. *Rodriguez,* 224 N.C. 275, 283, 29 S.E.2d 901. Section 52-284 requires that a specific course be pursued if a man's property is to be taken from him without jurisdiction of his person. It recognizes no equivalents and admits no evasions. Nothing less than, or different from, that which the statute prescribes can satisfy its requirements, even though substantially the same ends have been accomplished. *Munger* v. *Doolan,* supra, 660. The copies referred to in the statute must be true and attested copies, as in the case of service on a resident of this state. This procedure has long been the established law. *Cady* v. *Gay,* supra, 396. The return of service of process must show clearly and fully the manner in which the service was made. 72 C.J.S. 1132, § 95.

The order of notice of the attachment in this case was not made in conformity with the statutory requirements. Before such an order of notice may be issued, there must be an application for the order and there must be a finding, after evidence is heard, that service could not be made on any of the persons designated in the statute. *Fosdick* v. *Roberson,* supra, 578; see Practice Book Form No. 238. It did not appear that the officer here made any attempt to leave a copy of the order of attachment with an agent or attorney of the defendant in this state or, if such an agent or attorney could not be found, with a person in charge or possession of the estate attached.

Since the statutory requirements were not complied with, there was no lawful attachment. It neces-

sarily follows that the order for alimony and support pendente lite was coram non judice and void. *Munger* v. *Doolan,* supra, 661; *Wheeler* v. *New York, N.H. & H.R. Co.,* 71 Conn. 270, 282, 41 A. 808; *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43, 166 A. 673; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 523, 84 A. 307; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81.

There is error, the order directing the payment of alimony and support for the children pendente lite is set aside and the case is remanded for further proceedings according to law.

In this opinion BALDWIN, C. J., KING and MURPHY, Js., concurred.

MELLITZ, J. (dissenting). To be entitled to the relief she sought, the plaintiff was obliged to furnish a basis for quasi in rem jurisdiction by a valid attachment of the defendant's property. The pertinent statutes, with which strict compliance was required for this purpose, were General Statutes § 52-281, relating to an application and order for an attachment during the pendency of an action, § 52-285, prescribing the manner in which an attachment of real estate must be made, and § 52-284, dealing with the service of process which is required in order that an attachment against the estate of a nonresident may become effective. Pursuant to § 52-281, the plaintiff applied to, and obtained from, a judge of the Superior Court an order for the attachment of the estate of the defendant and for the service of an attested copy of the application and order upon the defendant by registered mail. A return of service, showing compliance with this order, was made by a sheriff. The return recited that he attached real estate owned by the defendant in Green-

wich, in the manner prescribed by § 52-285, and that he sent the specified documents to the defendant by registered mail, as commanded in the order, within the time prescribed. The question is whether compliance with the provisions of § 52-284 required also that the return, or the record otherwise, show that there was no person in charge or possession of the estate attached.

Section 52-284 provides that a copy of the process and complaint, with a return describing the estate attached, shall be left by the officer with the agent or attorney of the defendant in this state; if the defendant has no agent or attorney within this state, a like copy shall be left with the person in charge or possession of the estate attached; and, if there is no person in charge or possession of the estate attached, the court before which the action is returnable or any judge thereof may order such notice of the commencement or pendency of the action to be given the defendant as the court or the judge deems reasonable. Thus, absence of some person in charge or possession of the estate attached is a prerequisite to the issuance of an order of notice by the court or a judge thereof and to the validity of service pursuant to the order of notice. When the application is made to a judge, the question whether the conditions are present to authorize the issuance of such an order of notice is for the determination of the judge. If the conditions prerequisite to such an order are, in fact, not present, and the order is issued, the action may be abated; *Mendrochowicz* v. *Wolfe*, 139 Conn. 506, 512, 95 A.2d 260; but if the issue is raised, evidence may be introduced to show that the prerequisite conditions actually existed, although the officer's return is silent on the subject. See *Reade* v. *In-*

*demnity Ins. Co.,* 121 Conn. 309, 312, 184 A. 646.

The defendant in the instant case filed a motion to erase and dismiss but did not raise this issue. I can see no reason why a plaintiff who, seeking an order for the attachment of the property of a non-resident, knows that there is no one in charge or possession of that property may not, under the provisions of § 52-284, represent that fact to the judge to whom the application is made and, as here, obtain an order for an attachment and at the same time an order for service on the defendant of a notice of the pendency of the action, as required by § 52-284. Nor am I aware of any authority for a requirement that a particular procedure must be followed by the judge in order that he may exercise the discretion vested in him by the statute to issue an order of notice where he is satisfied that there is no one in charge or possession of the property. The statement made in *Fosdick* v. *Roberson,* 91 Conn. 571, 578, 100 A. 1059, that before such an order of notice may be issued, some inquiry must be made by the court and the court must find, after hearing evidence, that no person was in charge or possession of the estate attached, was made when the statute provided that only the court before which the action was returnable was authorized to issue an order of notice. There the order of notice had been issued by an assistant clerk, and the opinion emphasized that the notice was required to be prescribed by the court and to be what the court deemed reasonable, not what the clerk of the court or the plaintiff deemed reasonable. The statement in the opinion may still be appropriate in cases where the application for the order of notice is made to the court. After the *Fosdick* case, supra, the statute was amended to provide that the order of notice

248

could be issued not only by the court but by a judge of the court and could be such notice as the judge deems reasonable. Cum. Sup. 1953, § 2397c. Failure of the officer's return to recite that there was no person in charge or possession of the property is not fatal, and the service by an order of notice will be proper if it is shown, in the event the issue is raised, that in fact there was no person in charge or possession of the property attached. The return of the officer is required to show fully and clearly the manner in which the service was made and compliance with the directions of the order for service. The return here fulfilled these requirements.

In my view, the record establishes that a valid attachment was made of the defendant's property and that the plaintiff laid the basis for the exercise by the court of its jurisdiction, quasi in rem, to enter the orders for alimony and support.