JUDITH A. CATO *v.* HERBERT J. CATO, JR.
(10156)

NORCOTT, FOTI and GEEN, Js.

Argued November 6, 1991—decision released March 24, 1992

*William H. Meanix, Jr.,* for the appellant (defendant).

*John K. Currie,* with whom, on the brief, was *Courtney B. Bourns,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the judgment dissolving the parties' marriage. He claims that the trial court improperly determined that the process and service of process were sufficient, and that the court had personal jurisdiction over him. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. The parties were married in Amsterdam, New York, on November 12, 1965. In 1970, they purchased a home in Bloomfield and were domiciled there until their separation in March, 1989. After the separation, the defendant resided in Texas where he was personally served with divorce papers in-hand by a sheriff of that state on January 3, 1990. The defendant continued to

own property in Connecticut. He appeared specially to contest personal jurisdiction, and, on January 22, 1991, the court, *Barall, J.,* denied his motions to dismiss.[1] Thereafter the court, *Steinberg, J.,* rendered judgment dissolving the parties' marriage and ordered the defendant to pay periodic alimony to the plaintiff in the amount of $630 per week. The court also ordered that the defendant maintain $250,000 in life insurance coverage and name the plaintiff as an irrevocable beneficiary, convey his interest in the marital home to the plaintiff, and pay certain counsel fees.

The defendant claims that the court lacked jurisdiction over the complaint as well as personal jurisdiction over the defendant. We do not agree. Mere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant. *Robertson* v. *Robertson,* 164 Conn. 140, 144, 318 A.2d 106 (1972). "Such jurisdiction over a nonresident requires statutory authorization." *Goldstein* v. *Fischer,* 200 Conn. 197, 201, 510 A.2d 184 (1986). Such personal jurisdiction may be allowed pursuant to General Statutes § 46b-46 (b), the domestic relations long-arm statute. *Jones* v. *Jones,* 199 Conn. 287, 290–91, 507 A.2d 188 (1986).

The defendant correctly asserts that a statutory basis for jurisdiction is mandatory, and that the concept of due process cannot take the place of statutory compliance. We do not agree with the defendant's claim, however, that, under the circumstances of this case, General Statutes § 46b-46 (a)[2] mandates service of pro-

---

[1] The defendant filed two motions entitled "Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process," and "Motion to Dismiss for Lack of Personal Jurisdiction over Defendant."

[2] General Statutes § 46b-46 (a) provides: "On a complaint for dissolution, annulment or legal separation, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the supreme court or of the superior court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds

cess only by an order of notice and does not permit in-hand service outside of Connecticut on the defendant who is subject to personal jurisdiction under § 46b-46 (b).[3] The defendant concedes that he knew of the existence of the complaint; he does not claim that he did not have the opportunity to defend. We conclude that General Statutes § 52-57a[4] allows for in-hand service outside of Connecticut on a resident of another state if all of the other requirements of § 46b-46 (b) have been satisfied.

Section 46b-46 (b) allows a court to "exercise personal jurisdiction over the nonresident party as [to] matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received *actual notice under subsection (a)* of this section . . . ." (Emphasis added).[5] Subsection (a) confers jurisdiction on a court to entertain complaints for dissolution when the defendant is a nonresident or his

---

that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with."

[3] General Statutes § 46b-46 (b) provides: "The court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation."

[4] General Statutes § 52-57a provides: "A person domiciled in or subject to the jurisdiction of the courts of this state or his executor or administrator, may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction."

[5] The defendant does not challenge the satisfaction of the other two conditions: (1) that the plaintiff met the residency requirements of § 46b-44, and (2) that Connecticut was the domicile of both parties immediately prior to or at the time of their separation.

whereabouts are unknown. *Jones* v. *Jones,* supra, 290–91. It also describes methods to be followed to give a "nonresident party actual notice of the pending proceedings, and authorizes the court to hear the complaint either if the nonresident party has received such notice or if a reasonable effort to afford him notice has been made." Id.

Our Supreme Court in *Jones* addressed the applicability of § 46b-46 to postjudgment modification proceedings in Connecticut dealing with a Connecticut divorce judgment. The court stated that the enactment of a domestic relations long-arm statute respecting family matters demonstrates an intent by our legislature to "exercise its full constitutional power, limited only by the constraints of due process, over nonresidents being sued for nonsupport of their children"; id., 292; as well as those being sued for alimony.

We cannot agree with the defendant that § 46b-46 (b) should be construed narrowly. Statutes that provide for parental support and maintenance of minor children are to be construed broadly. Id., 291.

"The purpose of an order of notice is, of course, to give notice to the party being sued. It is not a mere perfunctory act in order to satisfy the technicalities of a statute, but has, as its basis, constitutional dimensions. 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)." *Bank Mart* v. *Langley,* 39 Conn. Sup. 198, 199–200, 474 A.2d 491 (1984).

It would be both illogical and unreasonable to construe our domestic relations long-arm statute[6] in such a narrow manner as to ignore its very purpose. The defendant agrees that § 46b-46 is permissive and not mandatory but argues that our legislature intended that actual notice by service in-hand should be unacceptable unless a condition precedent occurs, that is, the obtaining of permission of the court by an order of notice. We recognize that in-hand service on a defendant is always the best and highest type of service and should be used, if possible. *Smith* v. *Smith,* 150 Conn. 15, 22–23, 183 A.2d 848 (1962). "The concept of jurisdiction over the person encompasses two separate ideas: a basis for jurisdiction, and, more importantly, fair notice to the defendant." *Anderson* v. *Schibi,* 33 Conn. Sup. 562, 565, 364 A.2d 853 (1976); *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 172, 455 A.2d 833 (1983). The defendant neither challenges the fact that there was a basis for the trial court's jurisdiction over him under the long-arm statute, nor claims that the actual method used here for giving notice, in-hand service, did not satisfy the constitutional requirement of due process. The process in this matter was correctly served in a prescribed manner, giving the court personal jurisdiction over the defendant, a nonresident, in an action brought under the long-arm statute § 46b-46 (b). The court properly found jurisdiction.

The judgment is affirmed.

In this opinion NORCOTT, J., concurred.

GEEN, J., dissenting. The defendant appeals on two grounds from the judgment in this case, which ordered

---

[6] While a long-arm statute may allow Connecticut courts to assert personal jurisdiction over a nonresident, such assertion of jurisdiction must still comply with federal constitutional requirements of due process. *Gaudio* v. *Gaudio,* 23 Conn. App. 287, 298, 580 A.2d 1212, cert. denied, 217

alimony, attorney's fees, and the disposition of real estate and other personal property. The first ground is insufficiency of process; the second is lack of personal jurisdiction.

The parties jointly own a house and resided there for nineteen years as husband and wife until April, 1989. In 1988, the defendant obtained new employment in Texas. The defendant considered Connecticut his residence and domicile until he determined that his wife no longer wanted to live with him. Between 1988 and April, 1989, he lived alone in Texas making trips back home. In April, 1989, after his trip home in March, he changed his residence to Bay City, Texas.

Around Labor Day, 1989, he came back to Connecticut to see if his wife would change her mind and go to Texas with him. As a result of that final refusal, in October, 1989, the defendant instituted a divorce action in Texas in which the plaintiff did not appear.

On December 11, 1989, the plaintiff filed a complaint, returnable January 16, 1990, to the Superior Court in the Judicial District of Hartford-New Britain at Hartford. The summons gave the defendant's address as 1208 Avenue G, Bay City, Texas. The plaintiff's attorney sent the summons and complaint to the sheriff of Matagorda County, Texas. The return states that on January 3, 1990, at 7 p.m., the deputy sheriff delivered to the defendant in person "a true copy of this notice with a true and correct copy of the show cause order attached thereto." It must be noted that no show cause order could be attached to the complaint as none had been sought in the Connecticut court. It is impossible

Conn. 803, 584 A.2d 471 (1990). All assertions of state court jurisdiction must be evaluated according to a minimum contacts test. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 51, 459 A.2d 503 (1983). The defendant does not contest this requirement nor does he claim that his due process rights have been violated.

to know, on the basis of the foregoing quote from the sheriff's return, what was served on this defendant. Obviously, the service is insufficient on its face.

The defendant, on January 2, 1991, filed two motions claiming that the plaintiff failed to follow General Statutes § 46b-46 (a) and (b). Counsel for the defendant filed a limited appearance for the purpose of contesting only in personam jurisdiction and lack of sufficient service.

The court, *Barall, J.,* denied the motions holding (1) that the parties had separated in March, 1989, and that the Connecticut long-arm statute was applicable because in March, 1989, the parties had been domiciled in Connecticut, (2) that § 46b-46 (a) is permissive, and (3) that the defendant had actual notice of the pendency of the action.

Dissolution actions involve legal and equitable relief. The process by which persons are brought to court and the decision the court makes affect the basic structure of society, the family.

Our civil process statutes are intended to provide fairness. General Statutes § 52-57 (a) provides that individuals shall be served by leaving a true and attested copy of the complaint with the defendant or at his usual place of abode in this state.

Section 52-57a[1] allows service on a person domiciled or subject to the jurisdiction of the courts of this state

---

[1] General Statutes § 52-57a provides: "SERVICE OF PROCESS WITHOUT STATE UPON PERSONS DOMICILED OR SUBJECT TO JURISDICTION OF COURTS IN STATE. A person domiciled in or subject to the jurisdiction of the courts of this state or his executor or administrator, may be served with process without the state, in the same manner as service is made within the state, by any person authorized to make service by the laws of the state, territory, possession or country in which service is to be made or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction."

outside this state by a person authorized to make service and in the manner prescribed by the law within that particular jurisdiction.

In this particular action, the Texas return fails to describe what was served on this defendant other than a show cause order that does not exist. We can not assume what was delivered.

The court found that both parties were domiciled in Connecticut in March, 1989. The trial court also found as a fact that the defendant established residence in Texas in April, 1989. Accordingly, the marriage being a Connecticut based marriage with the plaintiff still resident and domiciled here, subject matter jurisdiction is not an issue. Personal jurisdiction over the defendant, however, is an issue.

The trial court's decision does not state where the defendant was domiciled in January, 1990. Because, as the trial court found, the defendant had become a Texas resident in April, 1989, Connecticut did not have jurisdiction over him as a resident in January, 1990. Nor did the court find that the defendant had resumed his residence in Connecticut. We are therefore compelled to conclude that his domicile was in Texas in January, 1990. Because the defendant was a nonresident domiciled in a foreign jurisdiction, General Statutes § 52-57a clearly cannot be applied to him.

Because dissolution proceedings involve the breakup of a family, child custody, visitation, child support, alimony, and the division of assets and liabilities, they are not usual civil cases. Historically, only the legislature had the power to grant a divorce. The proceeding is purely statutory. The Superior Court is authorized by statute to grant both legal and equitable relief that did not exist at common law. *Steele* v. *Steele,* 35 Conn. 48, 53–54 (1868). Thus, all of Chapter 815J must be carefully studied and followed.

Too little attention is paid to civil procedure. Emphasis is placed on the substantive law. Procedure, however, provides the frame work in which substantive law is conducted, giving it needed resiliency but protecting it from falling into disarray from the tugs and pulls of competing interests. In other words, the playing field must be level and the rules of practice and procedure observed where they affect the most basic principle of civilization, the family.

In *Cikora* v. *Cikora,* 133 Conn. 456, 460, 52 A.2d 310 (1947), the Supreme Court noted that, provided due process of law is observed, each state has the power to alter the marriage status of its domiciliaries. See *Williams* v. *North Carolina,* 325 U.S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577 (1944). In *Cikora,* the court approved service on the nondomiciled defendant spouse by an order of notice requiring notice by publication in a newspaper.

As held in *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173 (1960), an order directing payment of alimony or support by a defendant in a divorce action is a judgment in personam. Without personal service, there is no jurisdiction over the person unless he appears voluntarily. That court went on to say, "[c]onstructive service of process on a nonresident defendant is not sufficient to furnish a basis for a judgment in personam, even though it may be shown that the defendant had actual notice of the pending action." The court held that as to real property Connecticut has in rem jurisdiction, but that the attachment of real property requires that the defendant be afforded a reasonable opportunity to be heard before any order based on the attachment is made. Id., 242.

There was no order of notice pursuant to General Statutes § 52-278a et seq. in this case. In fact, on January 2, 1991, prior to the hearing on the defendant's

motions to dismiss, the court issued a restraining order directing this nonresident defendant, who had not appeared in the action, not to dispose of any account proceeds in Connecticut banks. Notice of that order was served on certain specific banks.

Of interest is that the plaintiff in her December 21, 1990 motion for the above restraining order refers to the Texas divorce proceeding in which the defendant acknowledged that the Texas court had no personal jurisdiction over this Connecticut plaintiff.

Yet, the trial court here in Connecticut went ahead and exercised in personam jurisdiction as to this nonresident, nondomiciliary defendant placing a prior restraint on the alienation in Connecticut of his personal assets without notice or a chance to be heard, which would have been required in any prejudgment remedy application.

This is contrary to the determination in *Williams* v. *North Carolina,* supra, *Pinsky* v. *Duncan,* 898 F.2d 852, modified, 907 F.2d 17 (2d Cir. 1990), aff'd sub nom. *Connecticut* v. *Doehr,* 501 U.S.    , 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991), *Carter* v. *Carter,* supra, and *Cikora* v. *Cikora,* supra.

The plaintiff asserts that General Statutes § 46b-46 is permissive, not mandatory. For that proposition she cites *Smith* v. *Smith,* 150 Conn. 15, 183 A.2d 848 (1962). That case held that the defendant was a resident of this state at the time of the institution of the divorce action. Therefore, no order of notice under General Statutes (Rev. to 1958) § 46-17 (predecessor of § 46b-46) was required. As stated in that case, "this is true even though the defendant, at the moment of service, may be temporarily outside the state." *Smith* v. *Smith,* supra, 21.

This court agrees that § 46b-46 (a) gives the court discretion in ordering an order of notice. That is to pro-

vide latitude and flexibility to a judge to fit the order to the particular case or to decide that one may not be needed at all. For example, a defendant may be a resident who has been sent to California by his employer for three weeks to complete a particular function for the employer. No order of notice would be required. Furthermore, an employer may send a defendant to Germany for a year to start up a plant and the defendant would be considered a resident domiciled in Connecticut. There, however, an order of notice *would* be required to ensure that the defendant has notice of the action. Many other situations can be envisioned concerning actual nonresidents, not only of this state (as in this case) but of the United States.

Should such decisions be left to attorneys and pro se litigants (who are becoming ever more numerous in family cases), or is it not more in keeping with fairness and justice for the Superior Court to keep control of such matters. It is that court to which the legislature delegated those powers, not to the general public.

As to § 46b-46 (b), it is clear that without an appropriate order of notice under paragraph (a), no personal jurisdiction may be had over the nonresident defendant in matters of support and alimony. That paragraph is mandatory, not permissive.

In this particular case, the principles discussed in *Goldstein* v. *Fischer,* 200 Conn. 197, 510 A.2d 184 (1986), and *Jones* v. *Jones,* 199 Conn. 287, 507 A.2d 188 (1986), cited in the majority opinion, entirely support the reasoning of this dissent.

For all the foregoing reasons, I would find both an insufficiency of process and lack of in personam jurisdiction of the defendant. The plaintiff should be required to begin anew.