BANK MART *v.* MARY LANGLEY ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT | FILE NOS. 213500, 213501, 213502 |
|---|---|---|

MECHANICS AND FARMERS SAVINGS BANK *v.*
JORGE ORTIZ ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT | FILE NO. 209761 |
|---|---|---|

CITY OF BRIDGEPORT *v.* ANTONIO DELGADO ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT | FILE NO. 205239 |
|---|---|---|

Memorandum filed January 13, 1984

*Gordon & Scalo,* for the plaintiff in the first cases.

*John J. Moranski,* for the plaintiff in the second case.

*Blawie, Belinkie & Varone,* for the plaintiff in the third case.

BERDON, J. The above entitled cases come before this court with the common underlying issue of whether service by newspaper publication is sufficient. Statutes which allow notice by publication are usually permissive. See, e.g., General Statutes § 52-68. It is generally accepted practice in Connecticut that when a defendant cannot be found, the plaintiff will seek an order for notice by publication without establishing that other forms of service can be made.

For example, in the above *Langley* cases (foreclosure of a mortgage) an attempt was made to serve the defendant owner by registered mail in North Carolina and it was returned by the post office as "unclaimed." Instead of seeking an order of notice for personal service by a process server in North Carolina, the plaintiff seeks service by publication in a newspaper having a circulation in Bridgeport, Connecticut. In the *Ortiz* case (foreclosure of a mortgage), upon the mere conclusion that the defendant owner's address is unknown "and all reasonable efforts have been made to ascertain the same," the plaintiff obtained a first order of notice by publication and now seeks a default for failure to appear. In the *Delgado* case (foreclosure of a tax lien), upon the claim that the defendant owner's residence was unknown, the plaintiff obtained an order of notice by publication. In none of these files is there furnished, in affidavit or other form, sufficient evidence for the court to make a finding that the giving of notice by publication was sufficient or a last resort.

The purpose of an order of notice is, of course, to give notice to the party being sued. It is not a mere per-

functory act in order to satisfy the technicalities of a statute, but has, as its basis, constitutional dimensions. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). "[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie* v. *Connecticut,* 401 U.S. 371, 377, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971).

Service by publication is almost totally unreliable in giving notice to a defendant about the pendency of a suit. *Boddie* v. *Connecticut,* supra, 382. "Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best. . . . But when the . . . addresses of persons are unknown, plain necessity may cause a resort to publication." *New York* v. *N.Y., N.H. & H. R. Co.,* 344 U.S. 293, 296, 73 S. Ct. 299, 97 L. Ed. 333, motion to modify denied, 345 U.S. 901, 73 S. Ct. 639, 97 L. Ed. 1339 (1953). It is difficult for the court to accept that the owners of the equity in a home just disappeared from the face of the earth. Some explanation must be given to the court in the application as to why some reasonable investigation could not reveal a better address for them. "It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. It is not an accident that the greater number of cases reaching [the United States Supreme Court] on the question of adequacy of notice

has been concerned with actions founded on process constructively served through local newspapers. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." *Mullane* v. *Central Hanover Trust Co.,* supra, 315. "Publication may theoretically be available for all the world to see, but it is too much in our day to suppose that each or any individual beneficiary does or could examine all that is published to see if something may be tucked away in it that affects his property interests. We have before indicated in reference to notice by publication that, 'Great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact.' *McDonald* v. *Mabee,* 243 U.S. 90, 91 [37 S. Ct. 343, 61 L. Ed. 608 (1917)]." Id., 320.

The court is fully aware of the additional burden this ruling may place on the plaintiffs herein and on other litigants. The precious right to be heard, however, far outweighs the additional burden involved for investigation, personal service by a process server in a foreign jurisdiction (General Statutes § 52-57a), and the like. To be sure, there may be instances, because of the high costs of newspaper advertising, where investigation and other forms of notice may represent a savings. As a last resort, notice by newspaper publication may be made; this may be done, however, in conjunction with other service such as notice to a close relative; *Deason* v. *Deason,* 73 Misc. 2d 964, 967, 343 N.Y.S.2d 276 (1973); which would make it more reliable. Nevertheless, if notice by publication is to be utilized, the plaintiff must clearly and in detail set forth in affidavit form all the steps taken to determine whether

notice by some other form could be given so that the court may make an independent determination of the adequacy of the notice.

Accordingly, in file Nos. 213500, 213501 and 213502, the applications for subsequent orders of notice by publication are denied; in file No. 209761, the motion to find that sufficient notice was given and the motion for default for failure to appear are denied; and in file No. 205239, the motion for default for failure to appear is denied.