[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Madison Hills Limited Partnership (Madison Hills), filed a one-count complaint on December 29, 1988, against the defendants, the Town of Madison and all unknown persons having an interest in a particular parcel of land. The plaintiff alleged that it was the owner in fee simple of a piece of property in Madison and that it was unaware of any other party that could have a claim to the land. The plaintiff attached an affidavit to the complaint, which stated that it had no knowledge of any party that had an interest in the land.
The court, Celotto, J., ordered notice of the quiet title action to be published in the New Haven Register. Notice of the action was published in the New Haven Register on December 26-28, 1988. The Town of Madison was defaulted for failure to plead and all unknown persons were defaulted for failure to appear. Judgment was entered for the plaintiff on May 8, 1989. This judgment is sought to be set aside.
On March 10, 1992, the claimants, TEPA Associates and Candlewood Development Co., moved to set aside the default judgment on the grounds that the judgment was procured through fraud and the court lacked jurisdiction to enter the judgment. A hearing on the motion to set aside the judgment was heard by the court, Celotto, J., on May 5 and 6, 1994. Supplement briefs were filed by the parties on August 12, 1994.
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which it was rendered or passed. . . . Unless the parties waive this time limitation, the trial court lacks jurisdiction to entertain a motion to open filed more than four months after a decision is rendered. . . . After the expiration of the four month period . . . a judgment may not be vacated upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, CT Page 9227 unless such action is authorized by statute or unless the error is one going to the jurisdiction of the court rendering the judgment. The court does have inherent authority, however, at any time to open and modify a judgment rendered without jurisdiction.
(Citations omitted; internal quotation marks omitted.) Gallagherv. Gallagher, 29 Conn. App. 482, 483, 616 A.2d 281 (1992).
The claimants argue that although the four month period for opening the judgment has expired, the judgment was rendered without jurisdiction and, therefore, the judgment is void. The claimants argue that the affidavit submitted by the plaintiff for an order of notice did not comply with General Statutes § 47-31(c) since it did not contain any statement regarding what efforts the plaintiff's attorney made in searching for possible defendants. The claimants argue that since there was no compliance with the statutory requirements for notice, the court lacked jurisdiction to enter the default judgment.
The plaintiff argues that the claimants do not have standing to file the motion to set aside since they are not parties to the proceeding. The plaintiff argues that even if the claimants have standing to pursue the motion to set aside, the constructive notice given to "all unknown persons" in the New Haven Register was sufficient to confer jurisdiction over the claimants and, therefore, the judgment is not void for lack of jurisdiction.
"Persons who are actually affected by a judgment by reason of having been made parties as `unknown' defendants may apply to have such judgment opened or vacated." 49 C.J.S., Parties § 293. General Statutes § 47-31(b) provides that:
 [i]f in the complaint [to quiet title], the plaintiff alleges that there are or that there may be persons who have or may have some right, title, estate or interest in . . . the real . . . property but the persons cannot be located or are unknown to the plaintiff, or both, and describes the actual or possible estate or interest of such person or persons, . . . so far as may be known to him from a reasonable search of the available land CT Page 9228 records or otherwise, he may join defendants all unknown persons. . . . If, there are no known claimants, or possible claimants, . . . the action shall be deemed to be maintained against all unknown persons claiming or who may claim any rights, title, estate, or interest, . . . adverse to that of the plaintiff . . . and the action may be prosecuted to judgment in the same manner and with like effect as though there had been known claimants or possible claimants designated as party defendants.
The claimants became parties to the quiet title action when they were joined as "unknown" defendants.
Since the claimants were parties to the action and have asserted an interest in the subject property, they have standing to move to set aside the default judgment.
General Statutes § 47-31(c) provides that:
 [i]f the plaintiff or his attorney annexes to the complaint . . . an affidavit setting forth such facts and in addition sets forth the efforts which were made to ascertain the names and addresses as well as the interest or estates of the unknown persons, the court . . . may make such order relative to the notice which shall be given in such cause as the court . . . deems reasonable. That notice having been given according to the order and duly proven shall be sufficient to confer jurisdiction of all unknown persons. . . ."
"Whether failure to give notice affects subject matter jurisdiction depends on who is to be notified. When the notice contemplated is personal, failure to issue such notice does not affect subject matter jurisdiction. . . . When the notice required, however, is constructive notice to the general public by means of legal advertisement, failure to issue such notice properly is a defect implicating subject matter jurisdiction." (Citations omitted.) Koskoff v. Planning Zoning Commission, 27 Conn. App. 443,446-47, 607 A.2d 1146, cert. granted, 222 Conn. 912,608 A.2d 695 (1992). "Strict compliance with statutory mandates regarding CT Page 9229 notice to the public is necessary. . . ." Id., 447 (defect in publication notice under General Statutes § 8-26 affects subject matter jurisdiction); see also General Dynamics Corporation v.Groton, 184 Conn. 483, 493, 440 A.2d 185 (1981) (compliance with the essential conditions prescribed in General Statutes § 13a-50 for publication notice is a prerequisite for court's jurisdiction).
"`The purpose of an order of notice is, of course, to give notice to the party being sued. It is not a mere perfunctory act in order to satisfy the technicalities of a statute, but has, as its basis, constitutional dimensions. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .'" (Citation omitted; internal quotation marks omitted.) Cato v. Cato, 27 Conn. App. 142, 146, 605 A.2d 558, aff'd. 226 Conn. 1, 626 A.2d 734 (1993). "`[I]f notice by publication is to be utilized, the plaintiff must clearly and in detail set forth in affidavit form all the steps taken to determine whether notice by some other form could be given so that the court may make an independent determination of the adequacy of the notice.'" Cato v. Cato, 226 Conn. 1, 9 n. 9, 626 A.2d 734 (1993), quoting Bank Mart v. Langley, 39 Conn. Sup. 198, 201-02,474 A.2d 491 (Superior Court, 1984).
In a case similar to the present case, where the plaintiff sought to quiet title to land by adverse possession, the Hawaii Court of Appeals vacated the judgment as to all defendants who did not appear. Hustace v. Kapuni, 6 Haw. App. 241, 718 P.2d 1109,1117 (1986). The court stated that in quiet title actions, "[a]ffidavits [for service by publication] should specify the sources the affiant consulted in his efforts to locate and effect personal service on the defendants or defendant. The [plaintiff] should not be allowed to rely on a bald statement that diligent inquiry was made. The consequences of quiet title actions are so severe that to have one's interest in land summarily taken away without an opportunity to respond is in violation of due process requirements and our sense of fairness and justice. Protection against violation of due process requires vigilance against defective notice. Strict adherence to the statute is mandatory." Id., 1116. "`It is established that, where orders for publication of summons are void by reason of the insufficiency of the affidavits therefor, defaults and default judgments entered and rendered on service made pursuant thereto are likewise void on CT Page 9230 their face, and should be set aside.'" (Emphasis omitted.) Id., quoting Batte v. Bandy, 165 Cal.App.3d 531, 536, 332 P.2d 439,445 (1958).
In the present case, the plaintiff alleged in its complaint that "[t]here may be persons unknown who may claim some right, title, estate, or interest in the portions of dirt roads which are located within the boundaries of the real property . . ., but those persons are unknown to the plaintiff." (Plaintiff's complaint, para. 7.) Counsel for the plaintiff stated in her affidavit that "[n]either the plaintiff nor [counsel] know who the `unknown persons' designated in the summons and complaint . . . are or may be and we cannot determine who those `unknown persons' are or may be since the `unknown persons' are any and all persons who claim an interest in roads which . . ., were never public highways and if they were ever public highways, have since been abandoned." (Plaintiff's affidavit, para. 3.) Counsel for the plaintiff does not attest to any efforts that were made in order to ascertain the names and addresses of the "unknown persons". Since the affidavit is completely lacking of any statement showing that the plaintiff undertook any efforts to locate the "unknown persons," the affidavit did not comply with the requirements of General Statutes § 47-31(c). Compliance with the General Statutes § 47-31(c) is mandatory and therefore the insufficiency of the affidavit makes the order for publication and the default judgment void. Accordingly, the motion to set aside the default judgment is granted. The court commends all counsel involved in the matter for the excellence of their presentations and their devotion to the causes of their respective clients.
Donald W. Celotto State Trial Referee