[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUPPLEMENTAL NOTICE BY PUBLICATION
Statement of the Case
These eight cases were instituted by the State of Connecticut to forfeit currency pursuant to Section 54-36h of the Connecticut General Statutes. Section 54-36h authorizes the State to forfeit moneys and property related to the sale or exchange of controlled substances as specifically delineated in the statute. CT Page 10539
As required by the statute, when the petitions were filed, the State submitted information to allow the Court to identify the persons having an interest in the money subject to forfeiture. The Court directed the State to notify these people of the pendency of the forfeiture proceedings by registered or certified mail.[1] In each case, the State's attempt to give notice to the interested persons by certified mail was unsuccessful and the State has filed a motion for supplemental notice by publication.
In four cases, the postal service returned the notices indicating that delivery was attempted, but was not made because the addressees had moved and their new addresses were not known.[2] In the remaining four cases, the postal service returned the notices indicating that delivery was attempted, but the notices were being returned because the addressees failed to claim them. The addressees apparently were not home when the postal service attempted delivery, and despite the requests left by the postal service at the premises for the addressees to pick up the notices at the post office, they failed to do so.[3]
In its motions for supplemental orders of notice, the State represents that it attempted to give notice by certified mail, but for the reasons as discussed above, the notices were returned either as being "undeliverable" or "unclaimed." The State further represents that it is "unable to serve the owner(s) or interested person(s), as their present whereabouts are unknown." On the basis or these representations, the State requests the. Court to order that notice be made by publication. The State's motions do not indicate what efforts, if any, the State has taken to determine or verify the addresses of the interested individuals; nor does the State explicitly represent that notice by publication is the most likely way to inform these persons of the pendency of the forfeiture actions.
The Court considered the motions at a hearing held on April 5, 1995. At the hearing, the Court expressed concerns that either the State had not presented sufficient information to warrant notice by publication, or that notice by abode or personal service appeared to be warranted. The State was ordered to submit memoranda of law in support of the motions. These memoranda were filed on June 6, 1995. After careful review of the State's arguments, this Court finds the State's positions untenable. For the reasons discussed below, the motions for supplemental notice by publication are denied on the present record. CT Page 10540
Discussion
General Statutes § 54-36h(b) directs that notice of the forfeiture proceedings be given to interested parties by certified or registered mail, but the statute does not indicate how the State should proceed if mail notification is unsuccessful. Although § 54-36h(b) does not explicitly provide for any other or alternative mode of notice, forfeiture actions under the statute are "civil suits in equity", see General Statutes § 54-36h(b), and thus, the Court has both the inherent and express authority to issue supplemental orders of notice to inform interested persons of their rights. See generally 27 Am.Jur.2d, Equity § 16; 62B Am.Jur.2d, Process § 154. Specifically, General Statutes § 52-68 allows the Court to issue orders of notice to persons when the "residence of any such persons in interest are unknown to the party instituting the proceeding."[4] Similarly, Section 199 of the Practice Book provides the following:
 Applications for orders of notice, whether made to a court, a judge, a clerk, or an assistant clerk, shall be made in writing, shall state the residence of the party whom the notice is sought to reach or that all reasonable efforts have been made to ascertain the residence and have failed, and shall further state what notice is considered most likely to come to the attention of such person, with the reasons therefor, unless they are evident; and such applications shall become a part of the file of the case.
The State's motions for notice by publication do not satisfy either the above statute or rule. In regard to the cases where the notices were "unclaimed", the State probably cannot fairly represent that the residence addresses are unknown as contemplated by § 52-68 because it appears that the addresses are correct, but the notices were not claimed by the addressees for reasons that are presently unknown. See generally Tarnopol v.Connecticut Sitting Council, 212 Conn. 157, 164-165, 561 A.2d 931
(1989).
With regard to the "undeliverable" notices involving persons have moved without leaving forwarding addresses, the State has not represented that it has made all reasonable efforts to ascertain the addresses of these people and that these efforts have failed. See Practice Book § 199. The State opines that these individuals may have given false residence addresses to law CT Page 10541 enforcement officers, and therefore, the State should not be responsible for determining their whereabouts. However, the actual existence of any false reporting in these particular cases is conjecture on the State's part. Furthermore, as required by Practice Book § 199, the State has not explained in any of the cases "what notice is considered most likely to come to the attention of such person[s], with the reasons therefore . . ." See generally 62B Am.Jur.2d, Process, § 243-248.
Apparently, the State's position is that it is not required to comply with these provisions. The State contends that General Statutes § 54-36h(b) creates a clear, and complete procedure for both initiating asset forfeiture actions and giving notice to interested persons. Under the State's reasoning, the procedures established under § 54-36h are so unique that the State cannot be required to use any other procedures that are in any way more onerous than those set out in § 54-36h, particularly if the other procedures require a mode of notice, more burdensome than the mail notification authorized by the statute. The State's view of § 54-36h is not supported by the language of the statute or by; basic principles of statutory construction.
As previously noted, § 54-36h(b) expressly provides that a forfeiture action instituted under its provisions "shall be deemed a civil suit in equity." The phrase "in equity" has an established legal meaning — "in a court of equity; through or by means of proceedings in equity." Ballentine's Law Dictionary, 3d. Ed. By making these forfeiture actions "civil suits in equity," the legislature clearly evidenced an intent that these actions would be prosecuted as civil, rather than criminal, actions in conformity with equitable principles. This is not to imply that rules of civil procedure inconsistent with the express provisions of Section 54-36h are applicable to these forfeiture actions. See e.g. State v. $4,367.00 in U.S. Currency, Superior Court, G.A. 4-Waterbury Docket No. CV93-1879 (July 18, 1994) (holding that the service of process requirements of General Statutes § 52-45a are inapplicable to forfeiture actions under General Statutes § 54-36h). However, in accordance with settled principles of statutory construction, the court must presume that the legislature intended to create a harmonious body of law so that when no direct conflict exists, forfeiture actions under § 54-36h should be prosecuted in a manner consistent with the law and procedures governing equitable proceedings generally. See generally Department of Administrative Services v.CT Page 10542Employees Review Board, 226 Conn. 670, 679, 628 A.2d 957 (1993).
General Statutes § 54-36h(b) does not indicate what should be done if notice by certified or registered mail fails. In the absence of explicit language in the statute on this issue, this Court concludes that the general, civil procedures regarding applications for orders of notice are applicable and that the Court may exercise its equitable power to issue supplemental orders of notice reasonably calculated to inform interested parties of their rights.
The State also argues that it has done all that is legally
required regarding notice. The State alleges that it has met the: statutory requirement that notice be sent by certified mail and its request to provide notice by publication is merely a "voluntary" gesture. To require the State to employ personal or abode service would be "contrary to the intentions of the legislature when it chose to require less burdensome means of providing notice in these actions." State's Memorandum In Support of Motion For Supplemental Notice By Publication, p. 5.
First, this reasoning fails because the legislative history does not support the State's characterization of the drafters' intent. During recent hearings on amendments to General Statutes § 54-36h, the then Chief State's Attorney, John J. Kelly, wrote a letter to the Judiciary Committee about the problem of identifying and reaching owners of property subject to forfeiture. He suggested that the statute be amended to provide that "If the court is unable to identify such owner or interested person, the court shall order the State to give notice by publication in a newspaper having at least county-wide distribution." Conn. Joint Standing Committee Hearing, Judiciary, Pt. 4, 1989 Sess., p. 1359. The legislature declined to adopt this suggestion, but chose to retain the statute's language requiring a forfeiture action to be "deemed a civil suit in equity." The rejection of this proposed amendment allows the Court to infer the legislature's approval of existing law. SeeState v. McVeigh, 224 Conn. 593, 621, 620 A.2d 133 (1993) (stating "when we have drawn on legislative rejection of proposed statutory amendments as the basis for an inference of legislative intent, ordinarily "we have viewed those failures as indicative of legislative approval of an existing interpretation of substantive law'").
Consequently, while, the legislature authorized a fairly CT Page 10543 expedient initial method to notify interested persons through certified or registered mail, when such mail notice fails, the legislature left to the Court's discretion, under existing law, the authority to issue supplemental orders of notice as warranted by the circumstances. Such supplemental notice may indeed involve notice by publication, but publication is not the only alternative available to the Court as the State contends.
Moreover, the notification process is not a "mere perfunctory act" done in order to satisfy statutory technicalities. Bank Martv. Langley, 39 Conn. Sup. 198, 199-200, 474 A.2d 491 (1984). The State's duty to act does not "end by dropping the notice in the mail." Montgomery v. Scott, 802 F. Sup. 930, 936 (W.D.N.Y. 1992). Due process requires the State to take steps reasonably calculated to provide notice to the people interested in these forfeiture actions. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullanev. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652,94 L.Ed. 685 (1950).
As indicated by numerous Supreme Court cases, notice by publication is not a reliable way to notify the interested persons of the pendency of these forfeiture actions:
 It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. . . . Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper. . . .
Mullane v. Central Hanover Trust Co., supra, 339 U.S. 315.
 Notice by publication is a poor and sometimes hopeless substitute for actual service of notice. Its justification is difficult at best. . . . But when the . . . address of persons are unknown, plain necessity may cause resort to publication.
City of New York v. New York, N.H. N.R. Co., 344 U.S. 293, 296,73 S.Ct. 299, 97 L.Ed. 333 (1953).
Consequently, the cases uniformly hold that notice by publication is inappropriate when the names and addresses of the CT Page 10544 interested parties are known or reasonably ascertainable:
 The general rule that emerges from the Mullane case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. "Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than mails to apprise them of its pendency.'"
Schroeder v. New York, 371 U.S. 208, 212-213, 83 S.Ct. 279,9 L.Ed 2d 255 (1962); quoting, Mullane v. Central Hanover TrustCo., 339 U.S. at 318; accord Tulsa Professional CollectionServices v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed 2d 565
(1988); Mennonite Board of Missions v. Adams, 462 U.S. 791,103 S.Ct. 2706, 77 L.Ed 2d 180 (1982).
On the basis of this precedent, numerous federal cases hold that due process requirements under the federal constitution are not met when the government publishes notice of forfeiture proceedings and the owner's address is known or the government fails to take reasonable efforts to locate an owner whose address is unknown. Aero-Medical, Inc. v. U.S.A., 23 F.3d 328
(10th Cir. 1994); In Re $116,215.00 in U.S. Currency,866 F. Sup. 1140 (S.D. Ind. 1994); Montgomery v. Scott, supra,802 F. Sup. 930; Cepulonis v. U.S., 543 F. Sup. 451 (E.D. N.Y. 1982).
The Court is mindful of the State's insistence that requiring personal or abode service in these forfeiture proceedings will impose additional burdens on the State. The State prosecutes many forfeiture cases throughout the state and many of the cases involve relatively small sums of money. However, there is a difference between undue administrative burdens and mere administrative inconveniences. See Dutch Point Credit Union. Inc.v. Caron Auto Works, Inc., 36 Conn. App. 123, 133, 648 A.2d 882
(1994); ("Even where a party has the "ability to take, steps to safeguard its interests, the State may [not] forgo . . . relatively modest administrative burdens' . . .") The State has offered no credible facts indicating that-a court's refusal to grant motions for supplemental notice by publication automatically will seriously frustrate the effective prosecution of these cases or create unreasonable costs, especially in light of the existing delays and costs incurred by publishing the notices. CT Page 10545
Furthermore, the State is not required to engage in "impracticable and extended searches . . . in the name of due process." Mullane v. Central Hanover Bank Trust Co., supra,339 U.S. 317-318. In many of these cases, the owners are involved in related criminal proceedings in which they are represented by counsel; and other public resources may be readily available, including motor vehicle, town clerk, and labor department records. See Miller v. Wenex Co., Inc. 743 P.2d 152, 156
(Okla.App. 1987).
The due process right to notice is simply too fundamental and precious to be outweighed by any of the generalized administrative concerns identified by the State. Indeed, "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally disfavored remedy of forfeiture." Aero-Medical, Inc. v. U.S., supra, 23 F.3d 331; see generally State v. One 1981 BMW Automobile,5 Conn. App. 540, 542-543, 500 A.2d 961 (1985) (stating "forfeiture is not favored, and statutes providing for forfeiture are strictly construed").
Conclusion
Accordingly, the State's motions for supplemental notice by publication are denied on the present record without prejudice for the State to refile the motions in accordance with General Statutes § 52-68 and Practice Book § 199.
Dated this 10th day of July 1995.
BARRY K. STEVENS, JUDGE.