[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re OBJECTION TO MOTION FOR ORDER OF NOTICE AND MOTION FOR PROTECTIVE ORDER #101. MOTION FOR MODIFICATION OF ORDER OF NOTICE #103
The plaintiff, Chesterfield II Condominium Association, Inc., has brought a declaratory judgment action arising out a dispute with the defendant owners and prospective owners of certain parcels of land. Pursuant to Practice Book § 11-4 et seq. and § 17-55 (4), the plaintiff filed a motion for order of notice to notify persons having an interest in the subject matter of the commencement of the declaratory judgment action. The motion for order of notice was granted by the assistant clerk of court[1]. The defendant, Rust Associates, L.L.C., has objected to the motion for order of notice and has filed a protective order seeking to prohibit enforcement of the order of notice. The plaintiff has filed a motion for modification of order of notice seeking to enforce the order of notice.[2]
The defendant first objects to the order of notice because the plaintiff sought to notify prospective purchasers of the land by publication in a local newspaper, and the plaintiff did not represent that all reasonable efforts were made to ascertain the residences of these persons. Practice Book § 17-55 provides: "The judicial authority will not render declaratory judgment upon the complaint of any person . . . until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Practice Book § 11-4 provides: "Applications for orders of notice . . . shall state the residence of the party whom the notice is sought to reach or that reasonable efforts have been made to ascertain the residence and have failed. . . ."
Here, in the motion for order of notice, the plaintiff sought notice by publication in a local newspaper in order to provide notice of the declaratory judgment action to persons that had entered into purchase agreements with the defendant landowners.[3] The plaintiff, in the motion for order of notice, represented that the names and addresses of these persons were "unknown." The plaintiff did not represent that reasonable efforts had been made to ascertain the residences of these persons. Therefore, the prospective purchasers were not properly notified by any subsequent publication. See Practice Book §11-4; Messina v. Bridgeport Water Pollution Control Authority,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 277269 (January 28, 1991, Hodgson, J.). Accordingly, if these prospective purchasers are interested parties, the court cannot render a declaratory judgment until these parties are properly notified. See Practice Book § 17-55(d); Messina v.Bridgeport Water Pollution Control Authority, supra, Docket No. CT Page 3775 277269.
The defendant next argues that the granting of the motion for order of notice was improper to the extent that it compels the defendant to produce names and addresses of prospective purchasers of the land. The plaintiff seeks to enforce the portion of the order of notice that purports to require the defendant to produce the names and addresses.
The purpose of an order of notice in a declaratory judgment action is to provide notice to all persons having an interest in the subject matter of the complaint. See Practice Book §17-55; see also Bank Mart v. Langley, 39 Conn. Sup. 198, 199,474 A.2d 491 (1984) ("The purpose of an order of notice is, of course, to give notice to the party being sued."). Applications for orders of notice may be made to "a court, a judge, a clerk, or an assistant clerk. . . ." Practice Book § 11-4. Here, the order of notice requires the defendant to produce names and addresses of prospective purchasers. This order, rather than merely notifying persons interested in the subject matter of the complaint, compels the defendant to perform an affirmative act. The use of the motion for order of notice to compel the defendant to perform an affirmative act is contrary to the purpose of an order of notice. Moreover, the power to compel a party to litigation to perform an affirmative act is within the discretion of the trial court. See, e.g., Standard Tallow Corp. v. Jowdy,190 Conn. 48, 57, 459 A.2d 503 (1983) ("The granting or denial of a discovery request rests in the sound discretion of the court."); Monroe v. Middlebury Conservation Commission,187 Conn. 476, 480, 447 A.2d 1 (1982) ("`Relief by way of mandatory injunction is an extraordinary remedy granted in the sound discretion of the court and only under compelling circumstances.'"). The assistant clerk is not the trial court. See Tarnapol v. Connecticut Siting Council, 212 Conn. 157. 165,561 A.2d 931 (1989) ("we note that it was the assistant clerk and not the trial court that signed the order of notice . . ."). Therefore, the assistant clerk was without power to compel the defendants to disclose the names and addresses, and the order is void to the extent that it purports to do so.
For the foregoing reasons, the court grants the protective order to render the order of notice unenforceable to the extent that it purports to require the defendant to disclose names and addresses of the prospective purchasers, and denies the motion to modify the order of notice. Additionally, the court denies the CT Page 3776 motion for modification of order of notice because it further compels the defendants to disclose names and addresses of the prospective purchasers. Accordingly, the revised order of notice is as follows: IT IS ORDERED, that notice of the institution of this action be given to each of the actual and/or potential prospective purchasers of Chesterfield II condominium units by some proper officer or other indifferent person by depositing a true and attested copy of the Writ, Summons and Complaint in this action, and this Order of Notice, in a post office, postage pre-paid, letter, registered or certified, personal return receipt requested, directed to each of the foregoing actual and/or potential prospective purchasers of Chesterfield II condominium units on or before 11/30/99, and that the return of such service be made to the above-named Court; and IT IS FURTHER ORDERED, that notice of the institution of this action be published in the Stamford Advocate, once a week for two successive weeks, such publication to be completed on or before 12/3/99 and that such notice be in the following form:
 "The undersigned hereby notifies all interested persons that it has commenced an action in the Superior Court of the State of Connecticut, Judicial District of Stamford/Norwalk at Stamford, Case No. ___________, for, among other things, a declaratory judgment to determine the rights and legal relations of the parties therein to the declarant rights and development rights for a common interest community (condominium) located on the easterly side of Bedford Street in Stamford, Connecticut and commonly known as "Chesterfield II." If you wish be heard in this action, you should forthwith file an appropriate motion with the Court.";
and that return of service be made to the above-named Court.
So Ordered.
KARAZIN, J.