[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is an appeal from the assessment of damages and benefits by the Commissioner of Transportation arising out of a condemnation of a portion of the appellant's property for purposes of an easement. They, appearing pro se, have applied to this court for a reassessment of said damages and benefits under Section 13a-76 of the General Statutes which statute provides, inter alia, that ". . . said court or such judge, after causing notice of the pendency of such application to be given to said commissioner. . . ." "The respondent has moved to dismiss the application for the appellants' failure to comply with the mandated statutory notice.
The appellants assert that they were given erroneous advice by the clerk of the court and that they did give notice to the respondent. "In an appeal dated September 19, 2000, we did notify Assistant Attorney General Mr. Robert Morrin who does work for the State Department of Transportation.
"Administrative appeals, such as condemnation appeals, are creatures of statute. Strict compliance with the procedures set forth within the body of the governing statute by the aggrieved plaintiff, including the limitations of actions provisions is essential to the subject matter jurisdiction of the court'. Schon v. Commissioner of Transportation,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 523306 (May 10, 1994, Aurigemma, J.); see also ChestnutRealty, Inc. v. CHRO, 201 Conn. 350, 356 (1986); Kozpke v. Zoning Boardof Appeals, 30 Conn. App. 395, 399 (1993).
The "clerk's error" argument is hardly persuasive in this case. No evidence was offered to frame the issue or support the appellants' position save her statement that the advice was indeed erroneous. Therefore, it will not be considered beyond its mention. There is also a suggestion perhaps that the rules should be relaxed in cases where parties elect to proceed pro se. There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. While a trial court can exhibit some degree of leniency toward a pro se plaintiff, the court cannot disregard established and mandatory CT Page 12685 requirements which circumscribe jurisdiction in the first instance. See generally Hartford National Bank Trust Co. v. DiFasio, 177 Conn. 34, 39
n. 2.; Basilicato v. Department of Public Utility Control, 197 Conn. 320,324.
The purpose of an order of notice under this or any other statute is to give notice to the party being sued. It is not a mere perfunctory act in order to satisfy the technicalities of a statute, but has as its basis constitutional dimensions. Bank Mart v. Longley. 39 Conn. Sup. 198,199-200 (1984). Compliance is required. Departures will deprive the court of its subject matter jurisdiction. Actual notice will not cure a departure from a statutory prescribed mode of service of notice and actual knowledge will not restore the court's subject matter jurisdiction. Glenn Chaffer, Inc. v. Kennedy, 37 Conn. Sup. 654, 658.
The motion to dismiss is accordingly, granted and the objection thereto is overruled.
MORAGHAN, J.